```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**J.B. HUNT TRANSPORT, INC.**                                    **PLAINTIFF**

    **v.**                    **Civil No. 11-5168**

**S AND D TRANSPORTATION, INC.**                                 **DEFENDANT**

# O R D E R

    Now on this 22nd day of August 2011, comes on for consideration defendant's **Motion to Dismiss, or in the Alternative, to Transfer Venue** (Doc. 6), and plaintiff's response thereto (Doc. 9). The Court, being well and sufficiently advised, finds and orders as follows with respect to the same:

    1.  On February 28, 2011, Plaintiff, J.B. Hunt Transport, Inc. ("JBHT"), commenced this action against defendant, S and D Transportation, Inc. ("S&D"), in Benton County Circuit Court.

    2.  On July 15, 2011, S&D removed the case to this Court and, on July 21, 2011, S&D filed the present motion to dismiss, or in the alternative, to transfer the case to the United States District Court for the Southern District of Florida where a related case is pending.

    3.  A brief summary of the underlying facts of this case is as follows: JBHT and S&D entered into an Outsource Carriage Agreement (the "Agreement") whereby S&D agreed to provide transportation services for JBHT. Pursuant to the Agreement, JBHT requested that S&D transport a shipment of pet medications from Memphis, Tennessee, to Pompano Beach, Florida. S&D transported the

shipment as requested, but when delivery was made to the consignee, Petmed Express, Inc. ("Petmed"), in Florida, it was discovered that the shipment was missing 31 boxes of the pet medications.

JBHT brought suit against S&D alleging that S&D is liable for the full value of the shortage in the shipment in the amount of $123,926.98. JBHT asserts claims under the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706(b), and for breach of the Agreement.

4. On April 30, 2011, after JBHT had initiated this lawsuit against S&D, National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), as subrogee of Pedmed, filed suit against JBHT for the loss of the 31 boxes of the pet medications. *See National Union Fire Ins. Co. of Pittsburgh, PA v. J.B. Hunt Transport, Inc.*, Case No. 11-21515-CIV (the "*National Union* case"). In the *National Union* case, National Union asserts that JBHT is liable for the loss of the boxes from the shipment and has demanded payment for such loss from JBHT.

5. S&D moves to dismiss this action on the following grounds:

* that JBHT's complaint fails to state a claim because JBHT has not suffered any damages yet and it is trying to obtain payment from S&D prior to actually incurring liability to pay for the missing cargo;
* that JBHT lacks standing to bring a claim under the Carmack Amendment;

* that S&D does not operate in Arkansas and, thus, it cannot be sued in Arkansas under the Carmack Amendment;
* that JBHT's breach of contract claim is preempted by the Carmack Amendment;
* that JBHT has failed to state a breach of contract claim because JBHT has not suffered any damages;
* that venue is improper in this Court;
* that the forum selection clause in the Agreement should be disregarded because it conflicts with other provisions in the Agreement; and
* that the Court does not have personal jurisdiction.

In the alternative, S&D asks the Court to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Florida where the *National Union* case is pending. S&D points out that it operates in Florida and, thus, venue would be proper in Florida and the district court in Florida would have personal jurisdiction over S&D. Further, S&D notes that none of the events at issue in this case occurred in Arkansas. Rather, all of the events occurred outside Arkansas, and many of witnesses are located in Florida where the delivery occurred.

6. The Court now turns to the threshold issues of personal jurisdiction and venue.

  7. **Personal Jurisdiction** -- S&D asserts that JBHT has not alleged that S&D has sufficient contacts with Arkansas such that the Court can exercise personal jurisdiction over S&D.

  (a) JBHT does not address the question of whether S&D has sufficient minimum contacts with Arkansas. Rather, JBHT points to the forum selection clause in the parties' Agreement in which they agreed that "for all claims personal jurisdiction and venue shall be in the State of Arkansas and [S&D] agrees to waive any and all objections thereto." S&D asserts that the Court should disregard the forum selection clause in the Agreement because it conflicts with another part of the Agreement.

  (b) "Due process is satisfied when a defendant consents to personal jurisdiction by entering into a contract that contains a valid forum selection clause." *St. Paul Fire & Marine Ins. Co. v. Courtney Enters., Inc.,* 270 F.3d 621, 624 (8th Cir. 2001) (internal quotation marks and citations omitted). A forum selection clause is enforceable "unless it is invalid or enforcement would be unreasonable and unjust." *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 726 (8th Cir. 2001). "Where, as here, the forum selection clause is the fruit of an arm's length negotiation, the party challenging the clause bears an especially heavy burden of proof to avoid its bargain." *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006)(internal quotation marks and citation omitted).

(c) S&D argues that the forum selection clause is invalid because it conflicts with another provision in the Agreement that provides that any liability which S&D might have to JBHT shall be "as set forth in Title 49 U.S.C. § 14706 (The Carmack Amendment) and applicable common law. . . ."  S&D argues that the forum selection clause conflicts with and attempts to negate the statutory venue provision in the Carmack Amendment.

Under the Carmack Amendment, 49 U.S.C. § 14706(d)(1), a civil action against a delivering carrier may be brought in any district court or state court "in a State through which the defendant carrier operates."  S&D asserts that JBHT has not alleged that S&D "operates in Arkansas" and, thus, the forum selection clause -- which calls for venue in Arkansas -- contravenes the Carmack Amendment and, thus, is invalid.

As S&D Points out, however, the only case on which it relies to support its proposition that the forum selection clause improperly contravene's the Carmack Amendment  -- *Regal-Beloit Corp. v. Kawasaki Kisen Kaisha Ltd.*, 557 F.3d 985 (9th Cir. 2009) (holding that forum selection clauses are generally forbidden under the Carmack Amendment) -- was overturned by the Supreme Court when the Supreme Court found the Carmack Amendment was inapplicable to the facts of that case.  *See Kawasaki Kisen Kaisha Ltd. v. Regal-Beloit Corp.*, ___ U.S. ___, 130 S. Ct. 2433, 177 L.Ed.2d 424 (2010).

(d) JBHT asserts that S&D is an interstate carrier with its principal place of business in Cordova, Tennessee, and that "it is without dispute that Arkansas is a state 'through which' Defendant [S&D] operated and was willing to continue to operate as evidenced by [S&D's] Agreement with [JBHT]."  Thus, JBHT asserts that the forum selection clause in the Agreement is harmonious with the venue provision of the Carmack Amendment.

(e) The Court finds that S&D has failed to meet its heavy burden of showing that the forum selection clause in the Agreement is invalid.  S&D has come forward with no case law to support its position -- other than the Ninth Circuit case that was overturned by the Supreme Court.  Further, S&D has not proven that the forum selection clause is, in fact, in conflict with the venue provision of the Carmack Amendment.  Therefore, the Court finds that the forum selection clause is valid and that the Court has personal jurisdiction over S&D.

8. **Venue** -- S&D asserts that venue is not proper in this district because the forum selection clause is invalid.  If the Court finds that venue is proper here, however, S&D asserts that this case should be transferred to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).  JBHT agrees that this case should be transferred.

(a) Section § 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

division where it might have been brought." Section 1404(a) only applies if venue is proper in this Court.

(b) As set forth above, the Agreement contains a forum selection clause that provides that Arkansas is the proper venue for this case, and the Court has already determined that the forum selection clause is valid and enforceable. Thus, venue is proper here and the transfer provision of § 1404(a) is applicable.

(c) Further, even if venue did not properly lie in this district, the Court can also transfer this case under 28 U.S.C. § 1406(a). Specifically, § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[1]

9. **Transfer factors** -- when considering whether to transfer a case, the court must weigh in the balance a number of case-specific factors. *See Terra Int'l v. Mississippi Chem Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Such factors to be considered include both "convenience" factors and "interests of justice" factors. The "convenience" factors include:

* convenience of the parties;

---

[1] Further, the Court notes that, even if the Court lacked personal jurisdiction over S&D, the Court could still transfer this case pursuant to 28 U.S.C. §§ 1631, 1404(a) or 1406(a). *See generally* Wright, Miller & Cooper, § 3842 (*citing Goldlawr v. Heiman*, 369 U.S. 463, 82 S. Ct. 913, 8 L.Ed.2d 39 (1962)); *see also Johnson v. Woodcock*, 444 F.3d 953, 954 n.2 (8th Cir. 2006).

* convenience of the witnesses-including the willingness of witnesses to appear, the ability to subpoena witnesses and the adequacy of deposition testimony;
* the accessibility to records and documents;
* the location where the conduct complained of occurred; and
* the applicability of each forum state's substantive law.

*Terra*, 119 F.3d at 696.

The "interests of justice" factors include:
* judicial economy;
* the plaintiff's choice of forum;
* the comparative costs to the parties of litigating in each forum;
* each party's ability to enforce a judgment;
* obstacles to a fair trial;
* conflicts of law issues; and,
* the advantages of having a local court determine questions of local law.

*Id.*

The Court finds that, in apply the above factors to this case, both the convenience of the parties and the interest of justice are served by the transfer of this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a). Indeed, none of the events giving rise to this lawsuit occurred in Arkansas. Florida is where the shipment was delivered

and is where at least some of the witnesses and records are located.  Further, there is related litigation pending in the Southern District of Florida.  For these reasons, the Court will grant defendant's motion to transfer this case to the Southern District of Florida.

**IT IS THEREFORE ORDERED** that defendant's **Motion to Dismiss, or in the Alternative, to Transfer Venue** (Doc. 6) is hereby **GRANTED** to the extent that the Court finds that the Clerk is hereby ordered to transfer this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404(a).  The Court declines to address the remaining issues presented by defendant's motion as those issues will be better addressed by the transferee court.

**IT IS SO ORDERED.**

                               <u>/s/JIMM LARRY HENDREN</u>
                               JIMM LARRY HENDREN
                               UNITED STATES DISTRICT JUDGE